IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREEM HOWELL,

        Plaintiff,                      No. CIV S-06-0519 MCE KJM P

    vs.

A. AUDETTE, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983, alleging the defendants were involved in "obstruction of justice," "conspiracy to obstruct justice," "obstruction of an inmate access to the courts," and "malice with intent to interfere with an order of justice." Am. Compl. at 4 (caption)[1]. Defendants have filed a motion to dismiss wherein defendants assert plaintiff has admittedly failed to exhaust the administrative remedies with respect to his claims. Mot. at 1.

I. Standard

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d

---

[1] Page references are to those assigned by the court's CM/ECF system.

1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections (CDC) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

II. Plaintiff's Allegations

Plaintiff alleges he was maliciously denied access to his legal materials between November 30, 2005 and February 13, 2006. Am. Compl. at 6-8. Specifically he says that on November 30, 2005, while being placed in Administrative Segregation for allegedly writing a threatening note to a correctional officer, plaintiff asked defendants Audette, Mendonca and Schirmer to assist him in obtaining his legal work from his cell. Am. Compl. at 7. Plaintiff alleges he made the defendants aware of his "very important expeditiously closing" court deadline, and that while Audette refused to help plaintiff, Mendonca and Schirmer both verbally assured plaintiff he would get his legal work and would not miss his deadline. Id. Plaintiff was cleared of the assault allegation on January 18, 2006, but did not receive his legal material until

1  February 13, 2006.  Id. at 8.  Plaintiff claims that due to the defendants' "deliberate indifference"
2  in giving him his legal material belatedly, plaintiff was unable to adequately represent himself in
3  a pending habeas action and he missed a court's "30-day leave to amend" deadline that resulted
4  in dismissal of one of his claims.  Id.  Plaintiff further states defendants' actions were "motivated
5  by evil, intent and reckless.  They knew I had a deadline and failed to provide me the plaintiff his
6  legal material."  Id.

7  III.  Analysis

8        Defendants argue plaintiff failed to utilize the CDCR grievance process with
9  respect to the claims brought in this action, and as required by 42 U.S.C. § 1997e.  Defendants
10  also note plaintiff admits abandoning his efforts to submit an inmate appeal challenging the
11  denial of access to his legal materials.  Mot. at 3.

12        In support of their argument, defendants present the affidavit of J. L. Bishop, an
13  employee of CDCR and the Litigation Coordinator at High Desert State Prison.  Id., Ex. B.  In
14  the affidavit, Bishop indicates she checked the appropriate records and learned plaintiff did not
15  file any appeals concerning the denial of access to his legal materials between November 30,
16  2005 and March 13, 2006.  The affidavit and attached printout from the appeals tracking system
17  show that during the applicable time period, plaintiff did submit two inmate appeals, but on
18  different issues, namely his segregation status and custody and classification status.  Id., Ex. B. at
19  & Attach. 1.

20        Defendants also present the affidavit of N. Grannis, an employee of CDCR and
21  the Chief of the Inmate Appeals Branch.  Id., Ex. A.  The Inmate Appeals Branch is where the
22  third level review, or Director's Level Decision, occurs.  Id., Ex. A at 2.  Grannis indicates she
23  checked the appropriate records and learned plaintiff did not file a third level appeal concerning
24  the denial of access to his legal materials between November 30, 2005 and March 13, 2006.  Id.

25        In his opposition, plaintiff argues the court previously has resolved the exhaustion
26  issue by allowing plaintiff to move forward.  Opp'n at 1.  Plaintiff argues he has desperately

1  made several attempts to exhaust his prison administrative remedies, but that defendants' actions
2  have "chilled the plaintiff administrative remedies from being fully exhausted." Id. at 2-3.
3  Plaintiff does not give specific examples of his attempts to exhaust his remedies, nor does he
4  give examples or proof of the defendants' actions chilling him from pursuing those remedies.
5        Plaintiff does argue the appeals tracking system and logs provided by the defense
6  are misleading and irrelevant. Id. at 3-4. He says that not every 602 appeal receives a tracking
7  log number and is recorded, making the tracking sheets incomplete. Id. Plaintiff submits a May
8  5, 2005 appeal form, which is unrelated in content to the current claims, as proof that not all
9  complaints show on the tracking log. Id., Ex. A.
10        It is curious that the May 5, 2005 complaint is not listed on the tracking form, but
11  the omission is not legally relevant here. Nowhere does plaintiff argue that he filed at each of the
12  three levels of the grievance process, that the appeals were lost and then not tracked as with the
13  May 5, 2005 appeal. Nothing in his opposition overcomes plaintiff's admission in his amended
14  complaint that he did not exhaust his administrative remedies prior to filing this suit. Am.
15  Compl. at 2. Plaintiff's equally unsubstantiated claims that defendants' actions chilled his ability
16  to pursue his claims do not overcome the burden shifted to him by defendants' showing in
17  support of their motion. Because plaintiff failed to exhaust available administrative remedies,
18  this case must be dismissed.
19        In accordance with the above, IT IS HEREBY RECOMMENDED that:
20        1. Defendants' April 24, 2008 motion to dismiss (#32) be granted;
21        2. Plaintiff's remaining claims be dismissed without prejudice for failure to
22  exhaust administrative remedies prior to filing suit; and
23        3. This case be closed.
24        These findings and recommendations are submitted to the United States District
25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
26  days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 2, 2008.

_____
U.S. MAGISTRATE JUDGE

/jb
howe0519.157